IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**AMANDA MCBROOME**                                                                                   **PLAINTIFF**

V.                              Case No.: 3:21-cv-20-LPR-JTR

**KEITH BOWERS, Jail Administrator,**
**Craighead County Detention Center**                                                            **DEFENDANT**

### ORDER

On January 21, 2021, Plaintiff Amanda McBroome ("McBroome") and two other inmates[1] at the Craighead County Detention Center ("CCDC") jointly filed a *pro se* § 1983 Complaint, alleging they had been subjected to lead poisoning, through the CDCC's water, for "at least a month," which caused them to experience throat and leg pain, as well as hair loss. (Doc. 2). The Clerk, following the long-standing practice of the Court, administratively separated the plaintiffs and their claims into three separate § 1983 actions.[2]

After screening, McBroome was allowed to proceed with her conditions of confinement claim against CCDC Jail Administrator Keith Bowers ("Bowers"). (Docs. 11 & 13).

On September 7, 2021, Defendant Bowers filed a Motion for Summary Judgment for Failure to Exhaust Administrative Remedies, along with a Brief in Support and a Statement of Undisputed Material Facts. (Docs. 20, 21, & 22).

On September 9, 2021, the Court ordered that McBroome had until September 30, 2021, to file a Response to Defendant's Motion for Summary Judgment and a separate Statement of Disputed Facts. (Doc. 23). The Court also advised McBroome that her failure to timely and

---

[1] Leah Banks and Hilary Deen Goodwin.
[2] *Banks v. Bowers et al.*, Case No. 3:21-cv-00018-LPR-JTR; *Goodwin v. Bowers et al.*, Case No. 3:21-cv-00019-LPR-JTR; and *McBroome v. Bowers, et al.*, Case No. 3:21-cv-00020-LPR-JTR.

properly file a Response and Statement of Disputed Facts would result in: "(a) all of the facts in Defendants' Statement of Undisputed Facts being deemed undisputed by [her]; and (b) the possible dismissal of [her] action, without prejudice, pursuant to Local Rule 5.5(c)(2)." (*Id.*). McBroome never filed a Response or Statement of Disputed Facts.

On May 3, 2022, Bowers filed a Motion to Dismiss and a Brief in Support, asserting that dismissal was appropriate, pursuant to Federal Rule of Civil Procedure 41(b), because McBroome had: (1) failed to respond to Bower's Motion for Summary Judgment; (2) failed to comply with the Court's September 9, 2021 Order; and (3) failed to prosecute her case, noting that McBroome's last filing with the Court was on February 9, 2021. (Docs. 24 & 25).

By Order dated May 4, 2022, the Court reminded McBroome that she had already been cautioned about the possible dismissal of her case for failure to prosecute. (Doc. 26 at 1). The Court then ordered McBroome to file a Response to the Motion to Dismiss, no later than May 18, 2022, and again warned her that if she failed to timely and properly file a Response, this action could be dismissed, pursuant to Local Rule 5.5(c)(2). (*Id.* at 2).

McBroome did not comply with the Court's May 4, 2022 Order, and the time for doing so has long passed. Moreover, the docket sheet reflects that McBroome has not had any communication with the Court on this case since February of 2021.[3]

Accordingly, Plaintiff's Complaint is DISMISSED without prejudice pursuant to Local Rule 5.5(c)(2) and Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (explaining that district courts have the power to dismiss *sua*

---

[3] *See* McBroome's Notice of Change of Address (Doc. 4) and her free-world *in forma pauperis* application (Doc. 5), filed on February 1 and February 9, 2021, respectively. On July 14, 2022, Defendant Bowers filed a Second Motion to Dismiss. (Doc. 27). In that Motion, Bowers again urges the Court to dismiss the Complaint based on McBroome's failure to prosecute. (*Id.* at 1–2). In addition to highlighting other instances where McBroome failed to diligently prosecute this action, Defendant Bowers noted that McBroome did not comply with the Court's May 4, 2022 Order, which directed McBroome to file a response to the Motion to Dismiss by May 18, 2022. (*Id.* at 1–2).

*sponte* under Rule 41(b)). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an *in forma pauperis* appeal from the Order and Judgment dismissing this action would not be taken in good faith.

    IT IS SO ORDERED this 20th day of July 2022.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE